IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD DALE PENCE,                                           OPINION and ORDER

                       Petitioner,

                                                               09-cv-489-slc[1]

      v.

CAROL HOLINKA, Warden,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order entered September 29, 2009, I denied petitioner Donald Dale Pence's petition for a writ of habeas corpus. Petitioner contended that the Bureau of Prisons failed to comply with 28 U.S.C. § 2241 by refusing to transfer him to a halfway house until six months before his sentence ends. Under the Second Chance Act, the Bureau can authorize placement for up to 12 months before a sentence ends, with the understanding that placements are to be decided on a case-by-case basis in light of certain factors listed in 18 U.S.C. § 3621(b) and are "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). I denied the

---

[1] Because this case was resolved before the parties consented to the magistrate judge's jurisdiction, I am assuming jurisdiction over the case for the purpose of this order.

1

petition because I concluded that the bureau had made an individualized decision that took into consideration the factors listed in § 3621(b) to decide what duration of placement was proper.

Now before the court is petitioner's motion for reconsideration, properly construed as a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Petitioner contends that it was error to deny his petition on two grounds: (1) because the person deciding his placement period failed to contact any correctional center to determine whether bed space was available, instead relying on the general proposition that bed space is "at a particular premium"; and (2) because a "report to congress" states that a portion of a prisoner's placement should be on "home confinement," something that he would not have an opportunity to do if he is given only six months.

Rather than raise these matters in his original petition or his traverse, petitioner waited until now. (Although petitioner did mention bed space in his traverse, his only argument was that he had "not heard" of any bed space shortage.) That alone is reason to deny his Rule 59 motion. However, even if these matters had been properly raised, I would deny the motion on its merits. First, petitioner's right to individualized consideration under § 3624 does not require intensive factfinding; the decisionmaker was entitled to make generalized findings about the "resources of the facility contemplated" when deciding whether placement was proper. Second, the "report to congress" does not require "home

2

confinement," but rather mentions that *some* inmates are placed on home detention. More important, nothing in the federal statutes themselves appear to require any period of home confinement and petitioner fails to establish that home confinement is required under the law. Thus, petitioner's arguments fall short of persuading me that it was error to deny his petition.

ORDER

IT IS ORDERED that petitioner Donald Dale Pence's "motion for reconsideration," properly construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), dkt. #8, is DENIED.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge